Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Nelson Campbell (SBN 357579)
ncampbell@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAUBER BROTHERS, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>ASOS US SALES LLC, a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><br>Jury Trial Demanded |

Plaintiff Klauber Brothers, Inc., a New York corporation, by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

### JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.     Plaintiff Klauber Brothers, Inc. ("Klauber" or "Plaintiff") is a corporation organized and existing under the laws of the State of New York with its principal places of business in New York and Los Angeles.

5.     Plaintiff is informed and believes and thereon alleges that Defendant ASOS US SALES LLC ("ASOS") is a Delaware corporation with its principal place of business at 300 Creek View Road, Suite 209, Newark, Delaware 19711, who does business in and with the state of California and is registered with the California Secretary of State.

6.     Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments bearing lace manufactured with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

7.     Defendants Does 4 through 10, inclusive, (collectively with ASOS, and Does 1 through 3, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said

Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.    Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN 608

9.    Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design Number 608 ("Subject Design A").

10.    The Subject Design A is an original creation of Plaintiff and Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

11.    Plaintiff applied for and received a Certificate of Registration from the United States Copyright Office covering Subject Design A.

12.    Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing Subject Design A to numerous parties in the fashion and apparel industries.

13.    Following this distribution of Subject Design A, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design A and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design A.

14.    Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, created, sold, offered for sale, manufactured, caused to be manufactured, imported and/or distributed fabric and/or

garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design A (respectively, "Infringing Product A," "Infringing Product B," "Infringing Product C," "Infringing Product D," and "Infringing Product E").

15.    Below is a comparison of Subject Design A with exemplar Infringing Product A, Infringing Product B, Infringing Product C, Infringing Product D, and Infringing Product E, which feature segments of lace incorporating at least a portion of the exact same unauthorized copy of Subject Design A:

///

///

///

| **Subject Design A** | **Exemplars of Infringing Product A** |
|---|---|
| Klauber Design 608 | ASOS DESIGN Curve satin cami with lace trim in black<br>Product Code: 138298984<br>Detail: |



Garment:



| Subject Design A | Exemplars of Infringing Product B |
|---|---|
| Klauber Design 608 | ASOS DESIGN Curve satin cami co-ord with lace trim in leopard print<br>Product Code: 136559894 |





Garment:



| Subject Design A | Exemplars of Infringing Product C |
|---|---|
| Klauber Design 608  | ASOS DESIGN satin cami with lace trim in charcoal<br>Product Code: 138298985<br><br>Garment:<br> |

| Subject Design A | Exemplars of Infringing Product D |
|---|---|
| Klauber Design 608  | ASOS Design satin lace trim cami in leopard print<br>Product Code: 136404155 <br><br>Garment:  |

| Subject Design A | Exemplars of Infringing Product E |
|---|---|
| Klauber Design 608  | ASOS DESIGN satin lace trim cami in khaki<br>Product Code: 137844590 |

Garment:



16. The above comparison makes apparent that the elements, composition, arrangement, layout, and appearance of the designs on Infringing Product A, Infringing Product B, Infringing Product C, Infringing Product D, and Infringing Product E are substantially similar to Subject Design A.

## CLAIMS RELATED TO DESIGN 682

17. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design Number 682 ("Subject Design B").

18. The Subject Design B is an original creation of Plaintiff and Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

19. Plaintiff applied for and received a Certificate of Registration from the United States Copyright Office covering Subject Design B.

20. Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing Subject Design B to numerous parties in the fashion and apparel industries.

21. Following this distribution of Subject Design B, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design B and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design B.

22. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, created, sold, offered for sale, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design B ("Infringing Product F").

23. Below is a comparison of Subject Design B with exemplar Infringing Product F, which feature segments of lace incorporating at least a portion of the exact same unauthorized copy of Subject Design B:

///

///

///

| **Subject Design B** | **Exemplars of Infringing Product F** |
|---|---|
| Klauber Design 682 <br><br>  | Miss Selfridge satin cami top with lace trim in cherry print <br> Product Code: 135549210 <br><br>  <br><br> Garment: <br>  |

24. The above comparison makes apparent that the elements, composition, arrangement, layout, and appearance of the designs on Infringing Product F are substantially similar to Subject Design B.

## CLAIMS RELATED TO DESIGN 845

25. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design Number 845 ("Subject Design C").

26. The Subject Design C is an original creation of Plaintiff and Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

27. Plaintiff applied for and received a Certificate of Registration from the United States Copyright Office covering Subject Design C.

28. Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing Subject Design C to numerous parties in the fashion and apparel industries.

29. Following this distribution of Subject Design C, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design C and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design C.

30. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, created, sold, offered for sale, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design C (respectively, "Infringing Product G" and "Infringing Product H").

31. Below is a comparison of the Subject Design C with exemplar Infringing Product G and Infringing Product H, which feature segments of lace incorporating at least a portion of the exact same unauthorized copy of the Subject Design C:

| **Subject Design C** | **Exemplars of Infringing Product G** |
|---|---|
| Klauber Design 845 | Miss Selfridge satin lace trim tie front playsuit in animal print<br>Product Code: 136282801 |





Garment:



| Subject Design C | Exemplars of Infringing Product H |
|---|---|
| Klauber Design 845 | Miss Selfridge satin tie front lace trim maxi slip dress in bow print Product Code: 135352762 |





Garment:



32. The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the designs on Infringing Product G and Infringing Product H are substantially similar to Subject Design C.

## CLAIMS RELATED TO DESIGN 1065

33. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design Number 1065 ("Subject Design D").

34. The Subject Design D is an original creation of Plaintiff and Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

35. Plaintiff applied for and received a Certificate of Registration from the United States Copyright Office covering Subject Design D.

36. Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing Subject Design D to numerous parties in the fashion and apparel industries.

37. Following this distribution of Subject Design D, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design D and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design D.

38. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, created, sold, offered for sale, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design D ("Infringing Product I").

39. Below is a comparison of Subject Design D with exemplar Infringing Product I, which feature segments of lace incorporating at least a portion of the exact same unauthorized copy of Subject Design D:

///

///

///

| **Subject Design D** | **Exemplars of Infringing Product I** |
|---|---|
| Klauber Design 1065 | South Beach lace mini beach dress in pink<br>Product Code: 134884154 |
|  |  |
| | Garment: |
| |  |

40. The above comparison makes apparent that the elements, composition, arrangement, layout, and appearance of the designs on Infringing Product I are substantially similar to Subject Design D.

## CLAIMS RELATED TO DESIGN 7010

41. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design Number 7010 ("Subject Design E").

42. The Subject Design E is an original creation of Plaintiff and Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

43. Plaintiff applied for and received a Certificate of Registration from the United States Copyright Office covering Subject Design E.

44. Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing Subject Design E to numerous parties in the fashion and apparel industries.

45. Following this distribution of Subject Design E, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design E and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design E.

46. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, created, sold, offered for sale, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design E (respectively, "Infringing Product J," "Infringing Product K," and "Infringing Product L").

47. Below is a comparison of Subject Design E with exemplar Infringing Product J, Infringing Product K, and Infringing Product L, which feature segments of lace incorporating at least a portion of the exact same unauthorized copy of Subject Design E:

| Subject Design E | Exemplars of Infringing Product J |
|---|---|
| Klauber Design 7010 | Reclaimed Vintage mini satin skirt with lace trim in burgundy<br>Product Code: 139730839 |





Garment:



| Subject Design E | Exemplars of Infringing Product K |
|---|---|
| Klauber Design 7010 | Reclaimed Vintage lace trim slip dress in red floral<br>Product Code: 138493750<br><br>Garment:<br> |

| Subject Design E | Exemplars of Infringing Product L |
|---|---|
| Klauber Design 7010  | Reclaimed Vintage off the shoulder lace trim top in cherry red<br>Product Code: 142350658 <br><br>Garment:  |

48. The above comparison makes apparent that the elements, composition, arrangement, layout, and appearance of the designs on Infringing Product J, Infringing Product K, and Infringing Product L are substantially similar to Subject Design E.

## CLAIMS RELATED TO DESIGN 7179

49. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design Number 7179 ("Subject Design F").

50. The Subject Design F is an original creation and is, and at all relevant times was, owned exclusively by Plaintiff.

51. Plaintiff applied for and received a Certificate of Registration from the United States Copyright Office covering Subject Design F.

52. Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing Subject Design F to numerous parties in the fashion and apparel industries.

53. Following this distribution of Subject Design F, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design F and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design F.

54. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, created, sold, offered for sale, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design F ("Infringing Product M").

55. Below is a comparison of Subject Design F with exemplar Infringing Product M, which feature segments of lace incorporating at least a portion of the exact same unauthorized copy of Subject Design F:

///

///

///

| **Subject Design F** | **Exemplars of Infringing Product M** |
|---|---|
| Klauber Design 7179  | Love Triangle satin cami maxi dress with lace insert in floral<br>Product Code: 133777334 <br><br>Garment: |



56. The above comparison makes apparent that the elements, composition, arrangement, layout, and appearance of the designs on Infringing Product M are substantially similar to Subject Design F.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

57. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

58. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design A, Subject Design B, Subject Design , Subject Design D, Subject Design E, and Subject Design F (collectively, "Subject Designs"), including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and

samples; and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by Plaintiff for its customers.

59. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, including Infringing Product A, Infringing Product B, Infringing Product C, Infringing Product D, Infringing Product E, Infringing Product F, Infringing Product G, Infringing Product H, Infringing Product I, Infringing Product J, Infringing Product K, Infringing Product L, Infringing Product M (collectively, "Infringing Products") to said retailers, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized designs that were identical or substantially similar to the Subject Designs, or were illegal derivations or modifications thereof.

60. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a network of retail stores, catalogues, and through on-line websites.

61. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

62. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

63. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and

indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Designs in an amount to be established at trial.

64. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

65. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

66. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs by, *inter alia*, directing the manufacture of or selection and sourcing of materials and designs for Infringing Products or had agreements requiring the manufacture or sourcing of certain materials or designs, with the ability and right to supervise, direct, cancel, or otherwise modify its orders for the manufacture or purchase of the Infringing Products. Plaintiff is informed and believes and thereon alleges that Defendants had direct oversight or involvement in the sourcing of materials for and manufacture of the Infringing Products and thus knew, induced, caused, or materially contributed to the infringement of Plaintiff's rights as alleged herein. The true and complete extent to which Defendants were involved in a network of infringement with as of yet undiscovered Doe Defendants and/or direct infringers will be ascertained during discovery in this action.

67. Plaintiff is informed and believes and thereon alleges that each of the Defendants had agreements such that each Defendant had oversight and control over the sourcing of laces affixed to the Infringing Products.

68. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

69. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

70. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Designs, in an amount to be established at trial.

71. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

## **Against All Defendants**

<u>With Respect to Each Claim for Relief</u>

    a.  That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

    b.  That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

    c.  That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

    d.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

    e.  That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

    f.  That Plaintiff be awarded pre-judgment interest as allowed by law;

    g.  That Plaintiff be awarded the costs of this action; and

    h.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: February 18, 2026    By:  */s/ Trevor W. Barrett*
                                      Trevor W. Barrett, Esq.
                                      Nelson Campbell, Esq.
                                        DONIGER / BURROUGHS

Attorneys for Plaintiff